E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ADAM I. GAFNI (Cal. Bar No, 230045)
YUJIN CHUN (Cal. Bar No, 306298)
Assistant United States Attorneys
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-2404 | 0929
        Facsimile: (213) 894-7819
        E-mail: Adam.Gafni@usdoj.gov
                Yujin.Chun@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 5:23-cv-1805 |
| Plaintiff, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. | |
| WHOLESALE FIREWORKS CORPORATION; AMERICAN FIREWORKS WAREHOUSE, LLC; PINK OR BLUE GENDER TEAM, INC. d/b/a GENDER REVEAL CELEBRATIONS; REFUGIO JIMENEZ; ANGELINA JIMENEZ; and DOES 1-15, | |
| Defendants. | |

1

Plaintiff, United States of America, hereby alleges as follows:

**PARTIES**

1.     Plaintiff United States of America (the "United States") is the Federal government. The United States brings this action on behalf of Federal agencies including the United States Department of Agriculture, Forest Service ("Forest Service"), an agency and instrumentality of the United States. Plaintiff United States, as sovereign, administers and manages the National Forest System lands and other Federal lands at issue here for the enjoyment of the public, including those lands in San Bernardino County that are under the supervision, control, administration, management and protection of the Forest Service and the Bureau of Land Management.

2.     On information and belief, Defendant Wholesale Fireworks, Corp. ("Wholesale Fireworks") is a corporation, incorporated and headquartered in Ohio and which, along with Does 1-3 (collectively, the "Wholesale Fireworks Defendants"), during all relevant times: (1) owned, operated, and managed the wholesale and retail website wfboom.com through which they marketed, distributed, advertised, and sold fireworks products across the United States; (2) owned, operated, and managed physical wholesale and retail facilities located in Ohio and elsewhere, through which they marketed, shipped, distributed, and sold fireworks products across the United States.

3.     On information and belief, Defendant American Fireworks Warehouse, LLC ("AFW") is a limited liability corporation, incorporated in Delaware and headquartered in Maryland and which, along with Does 4-6 (collectively, the "AFW Defendants"), (1) owned, operated, and managed the wholesale and retail website patfire.com through which they marketed, distributed, advertised, and sold fireworks products across the United States; (2) owned, operated, and managed physical wholesale and retail facilities located in Maryland and elsewhere, through which they marketed, shipped, distributed, and sold fireworks products across the United States.

4.     On information and belief, Defendant Pink or Blue Gender Team, Inc. is a Florida Corporation doing business as Gender Reveal Celebrations which along with

2

Does 7-9 (collectively, the "GRC Defendants") during all relevant times owned, operated, and managed the website https://genderrevealcelebrations.com/ through which they marketed, distributed, advertised, and sold fireworks products across the United States.

5.    On information and belief, Defendants Refugio Jimenez and Angelina Jimenez (the "Jimenezes") during all relevant times are individuals residing in the County of San Bernadino within this Judicial District.

6.    On information and belief, Doe Defendants 1 to 15 are individuals and entities whose identity is currently not known who are responsible for the damages caused to Plaintiff as alleged herein and authorized, directed, or ratified the conduct alleged herein.

7.    Collectively, the AFW Defendants, Wholesale Fireworks Defendants, GRC Defendants, Refugio Jimenez, Angelina Jimenez, and Does 1-15 shall be referred to as the "Defendants."

## JURISDICTION AND VENUE

8.    This action arises under Federal and California law, including Federal and California common law, California Health and Safety Code §§ 13007-13009.1, California Public Resources Code § 4421, California Civil Code §§ 1714(a) and 3287, Title 36 C.F.R. §§ 261.5, 261.9, and 261.10, and 31 U.S.C. §§ 3711 and 3717, for damages the United States incurred in connection with the "El Dorado Fire," which ignited in El Dorado Ranch Park and spread to the National Forest System and Bureau of Land Management lands in San Bernardino County, California.

9.    The jurisdiction of this Court is invoked under 28 U.S.C. § 1345 in that the Plaintiff is the United States of America.

10.    Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the events giving rise to Plaintiff's claims occurred in the Central District of California, Defendants have sufficient contacts with the Central District of California, and the Jimenezes reside within the Central District of California.

11.     On information and belief, the Wholesale Fireworks Defendants regularly advertise, market to, sell, and distribute wholesale products nationally into the stream of commerce knowing and/or having reason to believe that such would be distributed, shipped to, and sold to and within California, as well as targeting, marketing, advertising, and directly selling to California companies and consumers. On information and belief, Wholesale Fireworks Defendants also regularly used (and use) California-based marketing and advertising companies to market their products nationally, including but not limited to Facebook, Instagram, Google, and Cloudflare to host and/or provide improved service for website(s) through California-based servers.

12.     On information and belief, the AFW Defendants regularly design, manufacture, advertise, market to, sell, and distribute wholesale fireworks products nationally into the stream of commerce knowing and/or having reason to believe that such would be distributed, shipped to, and sold to and within California, as well as targeting, marketing, advertising, and directly selling to California companies and consumers. On information and belief the AFW Defendants also regularly used (and use) California-based marketing and advertising companies to market their products nationally, including using California-based servers.

13.     By example, on information and belief, the Wholesale Fireworks Defendants through, inter alia, their website at https://wfboom.com/california-fireworks , target California companies and consumers, advertise their familiarity with California fireworks laws, induce the purchase of products to and distribution to California, as well as offer to sell wholesale fireworks for resale in California, including "toy smoke devices."

14.     On information and belief, the GRC Defendants sold and shipped the Smoke Bombs to the Jimenezes knowing they were located in California. On information and belief, the GRC Defendants regularly market, solicit, ship, and distribute their products to California and use California-based marketing companies to market their products.

**GENERAL ALLEGATIONS**

15.     The El Dorado Fire ignited on or about September 5, 2020 in El Dorado Ranch Park and spread to the National Forest in San Bernadino County, California, as well as to other Federal land.

16.     On information and belief, the fire was caused by the Jimenezes using two (2) gender reveal smoke bombs ("Smoke Bombs") that they had purchased from the GRC Defendants. California Department of Forestry and Fire Protection ("Cal Fire") investigators determined that the El Dorado Fire was ignited by the Smoke Bombs, which the Jimenezes had purchased from the GRC Defendants.

17.     After conducting further investigation and testing, Cal Fire determined that the Smoke Bombs emit sparks and flame that were sufficient to ignite the El Dorado Fire and that the Smoke Bombs did not bear the California State Fire Marshall Registration Seal on them, making them illegal in the State of California. A photograph of exemplar Smoke Bombs is shown below.



18.     On information and belief, the Smoke Bombs were designed, manufactured, imported, marketed, distributed into the stream of commerce, and sold by Wholesale Fireworks Defendants and AFW Defendants. On information and belief, the GRC Defendants purchased the Smoke Bombs from the Wholesale Fireworks Defendants and that the GRC Defendants marketed, advertised, distributed, and sold the Smoke Bombs

to the Jimenezes.

19.     Due to their defective design and/or manufacturing, the Smoke Bombs cause (and caused) excessive flame sparks to be emitted in violation of Federal Consumer Product Safety Laws and California law. On information and belief, the sparks and flames from the Smoke Bombs also dangerous and improper in terms of when they are emitted and their duration. These defects constitute a serious fire hazard that may cause fires and injure members of the public and property owners.

20.     The Wholesale Fireworks Defendants' and the AFW Defendants' marketing materials and labelling for the Smoke Bombs fail to properly warn consumers of the defects and the reasonably foreseeable hazards associated with their use, in violation of Federal Consumer Product Safety Laws and California law.

21.     On information and belief, the Wholesale Fireworks Defendants and the AFW Defendants were aware of the defects in the Smoke Bombs, acted in conscious disregard of the dangers of the defects and/or should have been aware of such defects, for reasons including, but not limited to: their training and experience in the fireworks industry, testing of the Smoke Bombs that the Wholesale Fireworks Defendants and the AFW Defendants did or should have conducted, and their marketing and prior use of the Smoke Bombs.

22.     The ignition of the El Dorado Fire was of a kind that ordinarily does not occur in the absence of someone's negligence. It was caused by equipment and activity within the exclusive control of the Wholesale Fireworks Defendants and the AFW Defendants and it was not due to any act on the part of Plaintiff. Therefore, *res ipsa loquitur* applies to this case.

23.     Plaintiff is informed and believes and thereupon alleges that Defendants violated Federal, California State laws and regulations, that such violations were a substantial factor in bringing about the ignition of the El Dorado Fire and harm alleged herein, that the injury and damages alleged herein resulted from an occurrence the nature of which the statutes and regulations at issue were designed to prevent and that Plaintiff

was one class of persons for whose protection the statutes, ordinances or regulations were adopted.

24.     The Forest Service suppressed the El Dorado Fire at substantial cost to the United States. The El Dorado Fire destroyed about 22,744 acres of annual grasses, brush, and timber, and damaged or destroyed nine structures and 15 outbuildings. A Forest Service firefighter, Charles Morton, died while suppressing the El Dorado Fire. As a result of its efforts to extinguish the El Dorado Fire, the Forest Service sustained suppression costs, resource damages, and burned area emergency response (BAER) costs of at least approximately $41,326,609.

25.     The damages to the United States also include, but are not limited to: mitigation, rehabilitation, and reforestation of burned areas; loss of and damage to timber, habitat, wildlife, watershed and earth protection; scenic and aesthetic values, and views; other environmental damages; loss of use and recreation; soil damage and erosion; property damage; and heritage site damage.

26.     The Forest Service has made demand on Defendants for payment of the costs and damages incurred and to be incurred by the United States, including to suppress the El Dorado Fire, undertake emergency rehabilitation efforts, and for forest resource damages estimated. Defendants have not paid any part of the sum demanded by the United States.

27.     Causing timber, trees, brush, or grass to burn except as authorized by permit is prohibited by law, including 36 C.F.R. § 261.5(c) and California Public Resources Code § 4421. Ignition of the El Dorado Fire was not authorized by permit or by the United States. Carelessly or negligently causing a fire that is not a prescribed fire that damages the National Forest System is prohibited by 36 C.F.R. §§ 261.5. In addition, 36 C.F.R. § 261.9 prohibits damaging any natural feature or other property of the United States.

1

2

**FIRST CLAIM FOR RELIEF**

**(Negligence – Against All Defendants)**

3   28.   Plaintiff realleges the preceding allegations contained in the paragraphs 1

4   through 27 above and incorporates them by reference as if fully and completely set forth

5   herein.

6   29.   At all times relevant to this action, the AFW Defendants, Wholesale Fire

7   Defendants, and GRC Defendants had a duty to safely design, manufacture, and label the

8   Smoke Bombs. And once they were aware of such dangers, they had a duty to properly

9   warn consumers concerning the Smoke Bombs, including providing any labeling

10  required by state and Federal law.

11  30.   At all times relevant to this action, the Jimenezes had a duty to use the

12  Smoke Bombs in a reasonably safe manner, including using them in an area away from

13  flammable vegetation and while complying with all applicable laws.

14  31.   All Defendants had a duty to avoid igniting a wildland fire and damaging

15  Forest Service property in accordance with California Public Resources Code §§ 4421

16  and 4422, California Health & Safety Code § 13001, and 36 C.F.R. § 261.5.

17  32.   The Wholesale Fireworks Defendants, AFW Defendants, and GRC

18  Defendants negligently, failed to properly design and manufacture the Smoke Bombs.

19  On information and belief, their negligent design and/or manufacturing of the Smoke

20  Bombs caused, inter alia, the Smoke Bombs to emit excessive sparks and/or flame

21  (excessive in both in magnitude and duration), caused such flame and sparks to emit at

22  an improper time (including "blowout"), and otherwise made the Smoke Bombs

23  unreasonably dangerous.

24  33.   On information and belief, despite knowing, and/or having reason to know

25  the Smoke Bombs were dangerous or likely to be dangerous when used or misused in a

26  reasonably foreseeable manner, Wholesale Fireworks Defendants, AFW Defendants, and

27  GRC Defendants failed to adequately warn of the danger or instruct on the safe use of

28  the Smoke Bombs.

8

34.     On information and belief, the Jimenezes breached their duty of care in how and/or where they used the Smoke Bombs and/or how they attempted to prevent fire and/or extinguish the fire.

35.     All Defendants were negligent in causing the El Dorado Fire, including, but not limited to their failure to prevent damage to the land and property of the United States, and to take reasonable precautions to prevent and suppress fires.

36.     Defendants' negligent acts, omissions, and violations of law were a substantial factor in causing the El Dorado Fire and the damages the United States sustained.

37.     *Res ipsa loquitur* as well as negligence *per se* apply to this case and establish Defendants' negligence.

38.     Defendants are responsible for all costs and damages caused by their own negligence, including those under common law, and California Civil Code § 1714.

39.     Defendants' negligence, through their agents and employees, was the proximate cause of the El Dorado Fire.

40.     As a result of Defendants' negligence, the United States incurred damages in an amount to be established at trial. Defendants are liable for such damages.

## SECOND CLAIM FOR RELIEF
### (California Health & Safety Code §§ 13001, 13007-13009.1, and California Civil Code § 3287 – Against All Defendants)

41.     Plaintiff realleges the preceding allegations contained in the paragraphs 1 through 40, inclusive, and incorporates them by reference as if fully and completely set forth herein.

42.     On or about September 5, 2020, Defendants, individually and collectively, negligently and/or in violation of law, caused the El Dorado Fire, thereby setting fire to or allowing fire to be set to National Forest System lands within the San Bernardino National Forest and to other Federal lands.

43.     The El Dorado Fire destroyed property of the United States and caused the

United States to incur fire suppression costs, property damage, reforestation rehabilitation costs, resource damages, heritage site damage, and other damages, including damages to the environment, to be established at trial. Defendants are liable for all damages to the United States resulting from the El Dorado Fire, including without limitation, its fire suppression costs, damages for injury to Federal property, and the United States' administrative, investigative, accounting, and collection costs, under California Health & Safety Code §§ 13001, 13007-13009.1, and California Civil Code § 3287, in an amount to be established at trial.

### THIRD CLAIM FOR RELIEF

### (California Health & Safety Code § 4421 and 36 C.F.R. §§ 261.5, 261.9 – Against All Defendants)

44.    Plaintiff realleges paragraphs 1 through 43, inclusive, as though fully and completely set forth herein.

45.    On or about September 5, 2020, Defendants, individually and collectively, negligently and/or in violation of law, caused the El Dorado Fire, thereby setting fire to or allowing fire to be set to National Forest System lands within the San Bernardino National Forest and other Federal lands.

46.    Defendants set fire to National Forest System lands and other Federal lands without the permission of the owner of that land, the United States.

47.    Defendants failed to maintain control of the El Dorado Fire.

48.    Defendants' actions damaged natural features and property of the United States.

49.    The El Dorado Fire destroyed property of the United States and caused the United States to incur fire suppression costs, rehabilitation costs, resource damages, and other damages, including damages to the environment, to be established at trial. Defendants are liable for all damages to the United States resulting from the El Dorado Fire, including without limitation, its fire suppression costs, damages for injury to Federal property, and the United States' administrative, investigative, accounting, and

collection costs, in an amount to be established at trial.

## FOURTH CLAIM FOR RELIEF

### (Trespass by Fire – Against All Defendants)

50.     Plaintiff realleges paragraphs 1 through 48, inclusive, as though fully and completely set forth herein.

51.     On or about September 5, 2020, Defendants, individually and collectively, negligently and/or in violation of law, caused the El Dorado Fire, thereby setting fire to or allowing a fire to be set to National Forest System lands and other Federal lands within the San Bernardino National Forest.

52.     The El Dorado Fire destroyed about 22,744 acres of annual grasses, brush, and timber, and damaged or destroyed nine structures and 15 outbuildings. A Forest Service firefighter, Charles Morton, died while suppressing the El Dorado Fire. The Forest Service sustained suppression costs, resource damages, and burned area emergency response (BAER) costs of at least approximately $41,326,609.

53.     As a result of the El Dorado Fire's trespass upon the National Forest System lands and other Federal lands, the United States has incurred damages in an amount to be established at trial, including but not limited to fire suppression costs, costs to rehabilitate the area, wrongful injury to Plaintiff's trees, timber and vegetation damage, the costs for reforestation of the area, environmental damages, and damages to the habitats of wildlife in the area. Defendants are also liable to Plaintiff for wrongful injury to its timber, trees, and underwood pursuant to California Civil Code § 3346. Defendants are liable for all such damages.

## FIFTH CLAIM FOR RELIEF

### (Strict Product Liability – Against Wholesale Fireworks Defendants, AFW Defendants, and GRC Defendants)

54.     Plaintiff realleges paragraphs 1 through 53, inclusive, as though fully and completely set forth herein.

55.     On information and belief, the United States was harmed by the Smoke

11

Bombs manufactured, distributed and sold by the Wholesale Fireworks Defendants, AFW Defendants, and GRC Defendants while the Smoke Bombs were being used in an intended or reasonably foreseeable manner.

56.     On information and belief, the subject Smoke Bombs were defectively designed and/or manufactured, including but not limited to that they produced a shower of sparks and/or excessive external flame (not at first fire upon ignition). This design and/or manufacture was in violation of Federal law, including 16 C.F.R. §§ 1507.6, 1507.9, California State law, including 19 California Code of Regulations § 986.6, and other regulations and standards designed to prevent damage and the type of injuries that occurred as alleged herein. Such defects made the Smoke Bombs unreasonably prone to starting fires, and the subject Smoke Bombs did not perform as safely as an ordinary consumer would have expected. The defects also do not provide any benefits that outweigh the inherent risks that their fire hazards present to the public, including property owners.

57.     On information and belief, the subject Smoke Bombs had fire-hazard risks created by their defective design that were known or knowable at the time of their manufacture, distribution, and sale. The potential risks presented a substantial danger when used or misused in an intended or reasonably foreseeable way, and ordinary consumers would not have recognized these risks.

58.     On information and belief, Wholesale Fireworks Defendants, AFW Defendants, and GRC Defendants were aware that similar products to Smoke Bombs had caused fires prior to the sale of the Smoke Bombs to the Jimenezes and/or posed an unreasonable risk of fire when used and/or misused in an intended or reasonably foreseeable way.

59.     On information and belief, the AFW Defendants, Wholesale Fireworks Defendants, and GRC Defendants were integral in the marketing and sales enterprise for the subject Smoke Bombs.

60.     On information and belief, the Smoke Bombs were defectively labelled.

The AFW Defendants, Wholesale Fireworks Defendants, and GRC Defendants failed to adequately warn consumers of the shower of sparks, flame, and/or proper usage requirements of the Smoke Bombs, in violation of Federal law, including but not limited to 16 C.F.R. § 1500.14(xi), California State law, including but not limited to 19 California Code Regulations § 988.3(6)), and other regulations and standards that required consumers to be properly warned about the dangers of the Smoke Bombs.

61.     On information and belief, the AFW Defendants, Wholesale Fireworks Defendants, and GRC Defendants placed the subject Smoke Bombs on the market for sale, knowing that they were of defective design, and without including sufficient instructions and warnings when they left those Defendants' possession, and this failure to adequately and accurately warn about the product's fire hazard was a substantial factor in causing the El Dorado Fire. This failure to warn by these Defendants constitutes a warning defect.

62.     Plaintiff was harmed by the subject Smoke Bombs, and, on information and belief, the lack of sufficient warnings and instructions was a substantial factor in causing the El Dorado Fire.

63.     The Wholesale Fireworks Defendants, AFW Defendants, and GRC Defendants are liable to the United States for the damages caused by the El Dorado Fire.

64.     The United States has demanded that the AFW Defendants (through AFW), Wholesale Fireworks Defendants (through Wholesale Fireworks), and GRC Defendants (through GRC) pay the costs and damages incurred by the United States due to the El Dorado Fire. Defendants have not paid any part of the sum Plaintiff demanded.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1.     For damages in an amount to be determined at trial against Defendants for fire suppression costs, resource damages, and other recoverable costs and damages arising from the El Dorado Fire (including, but not limited to, the costs of rehabilitation, restoration and reforestation of the burned areas, wrongful injury to Plaintiff's trees, loss

13

of timber and vegetation, property damage, heritage site damage, loss of habitat and environmental damages, damage to the soil, and loss of use, scenic views, and aesthetic values as to be proven at trial), investigation costs and administration costs, plus interest and penalties, in an amount to be determined at trial as allowed under the law;

2.  For double or triple damages for wrongful injury to Plaintiff's timber, trees and underwood pursuant to California Civil Code § 3346;

3.  For damages in an amount to be determined at trial against Defendants for damage to real and personal property and any interest allowable under the law;

4.  For damages in an amount to be determined at trial against Defendants for the sum of reasonable administrative costs incurred as a result of the El Dorado Fire and any interest allowable under the law;

5.  For costs of this action; and

6.  For such other and further relief as the Court deems just and proper.


Dated: September 5, 2023          Respectfully submitted,

                                  E. MARTIN ESTRADA
                                  United States Attorney
                                  DAVID M. HARRIS
                                  Assistant United States Attorney
                                  Chief, Civil Division
                                  JOANNE S. OSINOFF
                                  Assistant United States Attorney
                                  Chief, Complex and Defensive Litigation Section


                                   /s/ *Adam I. Gafni*
                                  ADAM I. GAFNI
                                  YUJIN CHUN
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  United States of America

1

## **DEMAND FOR JURY TRIAL**

2
Plaintiff United States of America hereby demands a jury trial in this case.

3
Dated: September 5, 2023          Respectfully submitted,

4
E. MARTIN ESTRADA
United States Attorney
5
DAVID M. HARRIS
Assistant United States Attorney
6
Chief, Civil Division
JOANNE S. OSINOFF
7
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
8

9
     /s/*Adam I. Gafni*
10
ADAM I. GAFNI
YUJIN CHUN
11
Assistant United States Attorneys
12
Attorneys for Plaintiff
United States of America
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28