O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>WHOLESALE FIREWORKS CORPORATION; AMERICAN FIREWORKS WAREHOUSE, LLC; PINK OR BLUE GENDER TEAM, INC. d/b/a GENDER REVEAL CELEBRATIONS; REFUGIO JIMENEZ; ANGELINA JIMENEZ; and DOES 1-15.<br><br>      Defendants. | Case No.:  5:23-cv-01805-MEMF-SP<br><br>**ORDER DENYING DEFENDANT WHOLESALE FIREWORKS CORPORATION'S MOTION TO DISMISS, GRANTING IN PART DEFENDANT WHOLESALE FIREWORKS CORPORATION'S MOTION TO STRIKE, AND DENYING DEFENDANT AMERICAN FIREWORKS WAREHOUSE LLC'S MOTION TO DISMISS [ECF NOS. 41, 42]** |

  Before the Court is the Motion to Dismiss Plaintiff's First, Third, and Fourth Claim for Relief in the First Amended Complaint and Motion to Strike (ECF No. 41) filed by Defendant Wholesale Fireworks Corporation ("Wholesale Fireworks") and the Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(2) (ECF No. 42) filed by Defendant American Fireworks Warehouse, LLC ("AFW"). For the reasons stated herein, the Court hereby DENIES Wholesale Fireworks's Motion to Dismiss, DENIES AFW's Motion to Dismiss, and GRANTS IN PART Wholesale Fireworks's Motion to Strike.

## I.    Factual Allegations[1]

Plaintiff United States of America (the "United States") administers and manages federal lands through federal agencies such as the United States Department of Agriculture, Forest Service ("Forest Service") and the Bureau of Land Management. FAC ¶¶ 1–2.

Defendant Wholesale Fireworks is a corporation, incorporated and headquartered in Ohio, that owned and operated a website through which it sold and distributed firework products, including gender reveal smoke bombs, throughout the United States. *Id*. ¶ 2. Defendant AFW is a limited liability corporation, incorporated in Delaware, with some operations in Ohio located at the same facilities used by Wholesale Fireworks, that also owned and operated a separate website that sold and shipped fireworks. *Id*. ¶ 3. Wholesale Fireworks was AFW's exclusive distributor for certain products, including gender reveal smoke bombs. *Id*. ¶ 2.

Defendant Pink or Blue Gender Team, Inc. is a corporation, incorporated in Florida, doing business as Gender Reveal Celebrations ("GRC") that also owned and operated a website that sold and distributed fireworks and smoke bombs for the purpose of celebrating gender reveals. *Id*. ¶ 4. GRC purchased such fireworks and smoke bombs from Wholesale Fireworks with the intent to sell them directly to consumers. *Id*. ¶ 11.

Defendants Refugio Jimenez and Angelina Jimenez (collectively, the "Jimenezes") were individuals that both resided in San Bernardino County, California. *Id*. ¶ 5. On September 5, 2020, the Jimenezes used two gender-reveal smoke bombs, which they had purchased from GRC. *Id*. ¶ 24. The gender-reveal smoke bombs used by the Jimenezes ignited a fire in El Dorado Ranch Park (the "El Dorado Fire"), which subsequently spread to federal land, including the National Forest in San Bernardino County. *Id*. ¶¶ 23–24. The El Dorado Fire destroyed approximately 22,744 acres of land, damaged or destroyed twenty-four building structures, resulted in $41,326,609 in fire suppression costs and resulted in the death of Forest Service firefighter, Charles Morton. *Id*. ¶ 32.

---

[1] The following factual background is derived from allegations in Plaintiff's First Amended Complaint, ECF No. 32 ("FAC"), unless otherwise indicated. For the purposes of these Motions, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they *are* true.

**II.    Procedural History**

On September 5, 2023, the United States filed its Complaint in the present action against Wholesale Fireworks, ARW, GRC, and the Jimenezes. ECF No. 1. On December 18, 2023, Wholesale Fireworks filed a Motion to Dismiss the Complaint and Motion to Strike. ECF No. 28. That same day, AFW also filed a Motion to Dismiss the Complaint. ECF No. 29. In response, the United States filed its FAC on December 26, 2023. *See* FAC.

The United States' FAC alleges the following causes of action: (1) Negligence against all Defendants; (2) California Health & Safety Code §§ 13001, 13007, 13009, and 13009.1 against the Jimenezes; (3) California Health & Safety Code §§ 13007, 13009, and 13009.1 against Wholesale Fireworks, AFW, and GRC; (4) Trespass by Fire[2] against all Defendants, and (5) Strict Product Liability against Wholesale Fireworks, AFW, and GRC. FAC ¶¶ 36–69.

On January 26, 2024, Wholesale Fireworks filed a Motion to Dismiss the United States' First, Third, and Fourth Claim for Relief in the First Amended Complaint and Motion to Strike. ECF No. 41 ("WF Motion"). On February 9, 2024, the United States filed its opposition to the WF Motion. ECF No. 46 ("Opposition WF Motion" or "Opp'n WF Motion"). On February 15, 2024, Wholesale Fireworks filed its reply to the United States' opposition. ("WF Reply"). ECF No. 50.

On January 26, 2024, AFW filed a Motion to Dismiss the United States' First Amended Complaint for Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(2). ECF No. 42 ("AFW Motion"). On February 9, 2024, the United States filed its opposition to the AFW Motion. ECF No. 45 ("Opposition AFW Motion" or "Opp'n AFW Motion"). On February 15, 2024, AFW filed its reply to the United States' opposition. ECF No. 49 ("AFW Reply").

/ / /

/ / /

/ / /

---

[2] The FAC erroneously labels this cause of action as the "Third Claim for Relief." *See* FAC ¶ 52–58. The Court numerically refers to this and subsequent causes of action in the order that they appear in the FAC.

3

**III.     Applicable Law**

    **A.  Motion to Dismiss Standard**

        i.     Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

        ii.     Federal Rule of Civil Procedure 12(b)(2)

A defendant can move to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(2). The party asserting the existence of jurisdiction bears the burden of establishing it. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). If the court does not require an evidentiary hearing, a plaintiff "need only make a prima facie showing of the jurisdictional facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (internal quotation marks omitted).

Uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Depending on the nature and extent of a defendant's contacts, if any, with a forum state, the appropriate exercise of personal jurisdiction may be either general—that is, the party is subject to any claims in that forum—or specific—that is, the party is subject only to claims arising out of its forum-related activities. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

To establish personal jurisdiction over a defendant, a plaintiff must show both that the long-arm statute of the forum state confers personal jurisdiction over an out-of-state defendant, and that the exercise of jurisdiction is consistent with federal due process requirements. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154–55 (9th Cir. 2006). California's long-arm statute is coextensive with the scope of what is permitted by due process. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citing Cal. Civ. Proc. Code § 410.10). Constitutional due process requires that jurisdiction be exercised over a nonresident party only if that party has "minimum contacts" with the forum, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *accord Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985).

"Even if a defendant has not had continuous and systematic contacts with the state sufficient to confer 'general jurisdiction,' a court may exercise 'specific jurisdiction.'" *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). Specific jurisdiction exists where the claim for relief arises directly from a defendant's contacts with the forum state. *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). For a court to exercise specific jurisdiction over a defendant: "(1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; *or* perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play

1    and substantial justice, i.e. it must be reasonable." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir.

2    2015) (emphasis added).

3    "[W]here . . . a case sounds in tort," the court is directed to "employ the purposeful direction

4    test." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017). In tort cases,

5    the Ninth Circuit requires a showing of purposeful direction, rather than purposeful availment.

6    *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). Purposeful direction

7    is analyzed under the *Calder* "effects" test, which requires the defendant to have "(1) committed an

8    intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is

9    likely to be suffered in the forum state." *Id.* (citing *Calder v. Jones*, 465 U.S. 783, 789–90 (1984)).

10   When, however, a case sounds in contract, the court must apply the purposeful availment test. *Glob.*

11   *Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma*, 972 F.3d 1101, 1107 (9th Cir.

12   2020) ("Purposeful availment generally provides a more useful frame of analysis for claims

13   sounding in contract, while purposeful direction is often the better approach for analyzing claims in

14   tort."). Although both tests are relevant when "both contract and tort claims are at issue," *id.* (citing

15   *Picot*, 780 F.3d at 1212), each test hinges on the same question: "whether defendants have

16   voluntarily derived some benefit from their interstate activities such that they will not be haled into a

17   jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts," *Glob. Commodities*

18   *Trading Grp.*, 972 F.3d at 1107 (quotation marks omitted).

19       **B.  Motion to Strike Standard**

20       Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an

21   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P.

22   12(f). The function of a motion to strike is "to avoid the expenditure of time and money that must

23   arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc.*

24   *v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted). Motions to

25   strike "are generally regarded with disfavor because of the limited importance of pleading in federal

26   practice," and they "are generally not granted unless it is clear that the matter sought to be stricken

27   could have no possible bearing on the subject matter of the litigation." *Gaines v. AT&T Mobility*

28   *Servs., LLC*, 424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019) (internal quotation marks omitted).

## IV.   **Discussion**

### A. **Motion to Dismiss under Rule 12(b)(6)**

Wholesale Fireworks moves to dismiss the claims of the United States for (1) negligence; (2) violations of California Health and Safety Code sections 13007, 13009, and 13009.1; and (3) violation of California Civil Code section 3346. WF Motion at 1–3. Additionally, Wholesale Fireworks moves to strike any reference to (1) California Health and Safety Code sections 13007, 13009, and 13009.1; (2) negligence *per se* and *res ipsa loquitir*; and (3) prayer for double or triple damages pursuant to California Civil Code section 3346. *Id*. at 10–11.

#### i.   The United States has adequately pleaded its negligence claim (Claim No. 1).

Wholesale Fireworks argues that the cause of action for negligence should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). WF Motion at 5. Specifically, Wholesale Fireworks argues that the United States fails to plead facts that sufficiently establish any viable claim of *res ipsa loquitur* and negligence *per se*. *Id*. at 5–7.

The United States argues that the claim for negligence should not be dismissed because the FAC pleads facts that sufficiently establish a claim for ordinary negligence. Opp'n WF Motion at 2. Specifically, the United States argues that the claim should not be dismissed because (1) it does not exclusively rely on the theories of *res ipsa loquitur* and negligence *per se*, and (2) *res ipsa loquitur* and negligence *per se* are legal principles of evidentiary presumption, not claims that the FAC needs to plead. *Id*. at 2–5. Wholesale Fireworks argues that the United States fails to plead any facts that support these theories of negligence. WF Motion at 5–7.

The United States argues that a motion to dismiss should be granted only when the complaint "lacks 'a cognizable legal theory' or sufficient facts to support a legal claim." Opp'n WF Motion at 2. The United States cites to *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1988) in support. Opp'n WF Motion at 2. The *Balistreri* court reasoned that "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

legal theory."[3] *Balistreri*, 901 F.2d at 699. Based on this, the United States argues that the FAC sufficiently pleads facts for ordinary negligence and that the claim for negligence should not be dismissed. Opp'n WF Motion at 2.

In California, the elements of negligence are "(1) [a] defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009). As discussed below, the FAC sets forth sufficient factual matter, accepted as true, to state a facially plausible claim for negligence.

First, the FAC alleges that Wholesale Fireworks had a duty to safely design, manufacture, and label the Jimenezes's gender reveal smoke bombs in accordance with Federal Consumer Product Safety Laws. *See e.g.*, FAC ¶¶ 27, 37. The United States also alleges that Wholesale Fireworks had a duty to properly warn consumers of the dangers associated with the smoke bombs, including providing any labeling required by California and federal law. *See e.g.*, FAC ¶ 27. Based on these allegations, it is plausible that Wholesale Fireworks had a duty of care imposed by California and federal law.

Second, the United States alleges Wholesale Fireworks's failure to properly design and manufacture the gender reveal smoke bombs resulted in the emission of excessive sparks, flames, and molten materials. *See e.g.*, FAC ¶ 40. The FAC also alleges that Wholesale Fireworks failed to adequately provide labeling to warn of dangers or instruct on the safe use of the gender reveal smoke bombs. *Id*. ¶ 41. Additionally, the gender reveal smoke bombs failed to bear the California State Fire Marshall Registration Seal, rendering them illegal in California. *Id*. ¶ 25. Accordingly, the Court finds that the United States has plausibly alleged that Wholesale Fireworks breached the duty of care imposed by California and federal law.

---

[3] Although much of *Balistreri* was overturned by *Iqbal/Twombly*, this holding was not. *See Twombly*, 550 U.S. at 560–63 (overturning *Conley v. Gibson*, 355 U.S. 41 (1957), which *Balistreri* cited); *Iqbal*, 556 U.S. at 669–70 (further clarifying the post-*Conley* standard); *see also Balistreri*, 901 F.2d at 699 (citing *Conley* for the general standard as to Motions to Dismiss, but explaining that "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory" without reliance upon *Conley*).

Third, the United States alleges that Wholesale Fireworks's defective design, manufacturing, and labeling of the gender reveal smoke bombs resulted in the emission of excessive sparks, flames, and molten materials that were a substantial factor in causing the El Dorado Fire. *See e.g.*, FAC ¶¶ 27, 31. Considering these allegations, it is plausible that the gender reveal smoke bombs' defective design, manufacturing, and labeling proximately caused the United States' alleged damages.

Lastly, the FAC alleges that the El Dorado Fire destroyed about 22,744 acres of annual grasses, brush, and timber, and damaged or destroyed nine structures and 15 outbuildings. Additionally, the United States also alleges that the Forest Service sustained suppression costs, resource damages, and burned area emergency response costs of at least $41,326,609. *See e.g.*, FAC ¶ 32. Therefore, the Court finds it plausible that the United States suffered actual damages. Given these allegations, the Court finds that the United States has sufficiently pleaded facts that establish a claim for ordinary negligence.[4]

For the reasons stated above, the Court DENIES Wholesale Fireworks's Motion to Dismiss as to this claim. Accordingly, the Court also DENIES Wholesale Fireworks's Motion to Strike any reference to *res ipsa loquitur* and negligence *per se* because the United States has adequately stated a claim for negligence and it is of no moment at this stage whether it can prove its factual allegations using either of those doctrines.

    ii.    The United States has adequately pleaded its claims under California Health and
           Safety Code Sections 13007, 13009, and 13009.1 (Claim No. 3).

Wholesale Fireworks argues that the United States' third cause of action should be dismissed for the failure to state a claim. WF Motion at 7–9. Specifically, Wholesale Fireworks argues that the United States failed to plead facts that sufficiently establish any viable claim under the statutory language of California Health and Safety Code sections 13007, 13009, and 13009.1. *Id.*

The United States argues that the statutory language of the specified California Health and Safety Code sections facially encompass the act of selling a defective product used to set a fire and that it sufficiently pleaded such facts in the FAC. Opp'n WF Motion at 6. Specifically, the United

---

[4] The Court need not to address the issues of *res ipsa loquitur* and negligence *per se* because the facts pleaded sufficiently support a claim of ordinary negligence.

1  States argues that whether defective labeling constitutes the act of "allowing a fire to be set" is an

2  issue of material fact. *Id*.

3      California Health and Safety Code section 13007 provides as follows, "[a]ny person who

4  personally or through another willfully, negligently, or *in violation of law*, sets fire to, *allows fire to*

5  *be set to*, or allows a fire kindled or attended by him to escape to, the property of another, whether

6  privately or publicly owned, is liable to the owner of such property for any damages to the property

7  caused by the fire." (emphasis added). [5]

8      The Court finds that the United States has adequately pleaded that Wholesale Fireworks's

9  defective labeling, in violation of state and federal law, allowed the El Dorado Fire to be set.

10  Wholesale Fireworks argues that it is not liable for causing the El Dorado Fire because the FAC

11  alleges that the fire was caused by the Jimenezes. WF Motion at 2. Wholesale Fireworks also argues

12  that the FAC's allegations fail to demonstrate any conduct in connection with the El Dorado Fire. *Id*.

13  at 3. However, contrary to Wholesale Fireworks's argument, there is ample case law holding that

14  multiple entities can be held liable for the causation of the same injury. For example, in *Ashland v.*

15  *Ling-Temco-Vought, Inc*., the court determined that liability could apply to multiple defendants who

16  share responsibility for the cause of an accident. 711 F.2d 1431, 1438 (9th Cir. 1983). The *Ashland*

17  court provided as an example a scenario where "a defendant product manufacturer has the duty to

18  use reasonable care in *designing and constructing a product*, and an operator of the product has to

19  the duty to use it, as constructed, in a reasonable manner to avoid injury to others." *Id*. at 1439

20  (emphasis added). The Court finds that just as in the example discussed by the *Ashland* court, the

21  facts alleged in the FAC plausibly set forth a claim where multiple defendants could be liable.

22      In the FAC, the United States alleges that Wholesale Fireworks violated California Health

23  and Safety Code section 13007. *Id*. The FAC also alleges that Wholesale Fireworks had a duty to

24  safely design, manufacture, and label Jimenezes's gender reveal smoke bombs, and that Wholesale

25  Fireworks failed to adequately provide warnings or instructions *despite knowing, or having reason to*

26  *know* the smoke bombs were dangerous when misused. *See e.g.*, FAC ¶¶ 36–48 (emphasis added).

27

28  [5] California Health and Safety Code sections 13009 and 13009.1 use substantially similar statutory language to California Health and Safety Code section 13007.

1    The FAC further alleges that Wholesale Fireworks should have been aware of such defects because

2    of its training in the fireworks industry. *Id.* at ¶ 29.

3         Construing these allegations as true, as the Court must when determining the survival of a

4    claim under Federal Rule of Civil Procedure 12(b)(6), the Court finds that it is plausible that

5    Wholesale Fireworks allowed the fire to occur. If an entity knows or has reason to know of the risks

6    that may result from the defective labeling or design of its product, yet fails to adequately provide

7    such labeling, it follows that the entity consequently allowed for that danger to ensue. Wholesale

8    Fireworks knew or had reason to know of the risks of fire that may result from the defective labeling

9    or design of the gender reveal smoke bombs given its training in the industry. Wholesale Fireworks

10   failed to adequately provide warnings of the risk of fire that may ensue from the misuse of its

11   product, despite knowing or having reason to know of the risks of such danger. Further, this failure

12   was in violation of the law. Therefore, Wholesale Fireworks, in essence, allowed the fire to occur.

13        At the hearing, AFW argued to the Court that they adequately labeled the gender reveal

14   smoke bombs, referencing a photograph of the smoke bombs at issue. *See e.g.*, FAC ¶25. However,

15   the Court finds that whether AFW's labeling provided adequate warning is not an issue to be

16   determined as a matter of law at this stage. For this reason, the Court DENIES Wholesale

17   Fireworks's Motion to Dismiss as to this claim. Accordingly, the Court also DENIES Wholesale

18   Fireworks's Motion to Strike any reference to California Health and Safety Code sections 13007,

19   13009, and 13009.1.

20        iii.    The United States has adequately pleaded its trespass by fire claim (Claim No. 4).

21        Wholesale Fireworks argues that the United States' fourth cause of action should be

22   dismissed for failure to state a claim under California Civil Code section 3346. WF Motion at 9.

23   Specifically, Wholesale Fireworks argues that California Civil Code section 3346 is a remedy statute

24   setting forth the recovery of interest and does not give the right to private action nor provide a basis

25   for statutory liability. *Id*. Wholesale Fireworks also argues that the FAC alleges a claim for trespass

26   by fire only pursuant to the statute. WF Reply at 8.

27        The United States concedes that California Civil Code section 3346 is a remedy statute for

28   the recovery of interest. Opp'n WF Motion at 7. However, the United States argues that the statute

1    provides a special remedy for an underlying tort of trespass when it involves fire. *Id*. The United

2    States also argues that the potential inapplicability of California Civil Code section 3346's special

3    remedy does not mean that the claim for trespass by fire fails as a matter of law. *Id*.

4        First, Wholesale Fireworks's argument that the United States does not separately allege a

5    common law claim of trespass fails. WF Reply at 8. In its reply, Wholesale Fireworks argues that the

6    "[t]respass by [f]ire cause of action set forth within the FAC relies *exclusively* on a remedy statute

7    which cannot form a basis of relief." *Id*. (emphasis added). However, in the FAC, the United States

8    alleges that "Defendants are *also* liable to Plaintiff for wrongful injury to its timber, trees, and

9    underwood pursuant to California Civil Code section 3346." *See e.g*., FAC ¶ 58 (emphasis added).

10   The word "also" leads the Court to believe that the United States is alleging an underlying tort of

11   trespass by fire in addition to seeking the double damages provided by California Civil Code section

12   3346. The Court also finds that California Civil Code section 3346 provides a special remedy for

13   trespass where the trespass includes conditions involving fire. Opp'n WF Motion at 7.

14       Second, the Court finds that the United States has sufficiently pleaded facts that satisfy the

15   common law claim of trespass by fire. "The elements of trespass are: (1) the plaintiff's ownership or

16   control of the property; (2) the defendant's intentional, reckless, or negligent entry on to the

17   property; (3) lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the

18   defendant's conduct was a substantial factor in causing the harm." *Ralphs Grocery Co. v. Victory

19   Consultants, Inc.*, 17 Cal.App.5th 245, 261 (2017). Under California law, "[a] trespass to property is

20   the unlawful interference with its possession." *Elton v. Anheuser-Busch Beverage Grp., Inc*., 50 Cal.

21   App. 4th 1301, 1306 (1996). "The interference need not take the form of a personal entry onto the

22   property by the wrongdoer." *Id*. If negligently inflicted, a fire resulting in actual damages may

23   constitute a trespass. *Id*.at 1307.

24       The Court finds that the allegations in the FAC plausibly allege that Wholesale Fireworks

25   unlawfully interfered with the United States' possession of land and that the negligently designed

26   and manufactured smoke bombs resulted in actual damages. First, the United States alleges that it

27   manages, controls, and supervises the land in San Bernardino County where the El Dorado Fire

28   occurred. *See e.g*., FAC ¶ 1. Second, the United States alleges that Wholesale Fireworks's

defectively designed and manufactured gender reveal smoke bombs ignited the El Dorado Fire, which subsequently spread to the National Forest in San Bernardino County. *Id*. at ¶¶ 23, 27. Third, the United States alleges that the El Dorado Fire was not ignited with the permission of the United States. *Id*. at ¶ 35. Fourth, the United States also alleges that the El Dorado Fire destroyed 22,744 acres of land, destroyed or damaged nine structures and fifteen outbuildings, and resulted in the loss of use, recreation, habitat, and wildlife. *Id*. at ¶¶ 32–33. Fifth, the United States alleges that Wholesale Fireworks's defective design, manufacturing, and labeling of the gender reveal smoke bombs caused the emission of excessive sparks, flames, and molten materials that were a substantial factor in causing the El Dorado Fire. *See e.g.*, FAC ¶¶ 27, 31.

Nevertheless, the California Supreme Court has held that California Civil Code section 3346, which authorizes *double* damages for wrongful injuries to timber, trees, or underwood where the trespass causing the injuries was casual or involuntary, does not apply to damage to property resulting from *fires* negligently set. *See Scholes v. Lambirth Trucking Co.* 458 P.3d 860, 865 (2020); *see also Gould v. Madonna*, 5 Cal. App. 3d 404, 407 (1970) (finding no indication that California Civil Code section 3346's double damages provisions are applicable to negligently caused fire damage). The United States does not allege any direct or intentional harm to trees, and therefore, Section 3346 does not apply. *See Scholes*, 458 P.3d at 873–874 (finding that California Civil Code section 3346's treble damages provisions are only applicable to direct, intentional injuries to trees). The fact that the United States is not entitled to relief under Section 3346 however, does not mean that the claim for trespass by fire fails as a matter of law. For the reasons stated above, the claim was properly pleaded.

For the foregoing reasons, the Court DENIES Wholesale Fireworks's Motion to Dismiss as to this claim.[6]

/ / /

/ / /

---

[6]Given that the Court finds that California Civil Code section 3346's damages provisions are inapplicable, it follows that any reference to the statute is "immaterial" under Rule 12(f). Accordingly, the Court GRANTS Wholesale Fireworks' Motion to Strike in part as it pertains to California Code Civil Code section 3346.

**B.  Motion to Dismiss under Rule 12(b)(2)**

AFW argues that the FAC should be dismissed under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction because the United States cannot establish that the Court has either general or specific jurisdiction over AFW. AFW Motion at 1–2. Specifically, AFW argues that general jurisdiction cannot be established because (1) AFW's state of incorporation is Delaware and (2) AFW's principal place of business is in Maryland. *Id.* at 6. In its response, the United States seems to concede to this argument, given its failure to address this issue.

AFW also argues that the Court lacks specific jurisdiction over AFW because it has no sufficient contacts with California. AFW Motion at 1. Specifically, AFW maintains that the United States has failed to satisfy the Ninth Circuit's three-prong specific jurisdiction test: (1) that the defendant purposefully availed itself of the forum state; (2) that the claim arises out of the defendant's forum-related activities; and (3) that the exercise of personal jurisdiction comport with fair play and substantial justice. *Id*. at 6.

However, the United States contends that the Court has specific jurisdiction over AFW because AFW purposefully availed itself of the benefits of California markets through its exclusive partnership with Wholesale Fireworks. Opp'n AFW Motion at 4. Specifically, the United States seems to proceed on the "stream of commerce" theory, arguing that AFW, through its exclusive partnership with Wholesale Fireworks, has done "something more" than simply placing a product into the nationwide stream of commerce.

      i.   The Court considers the parties' supporting affidavits and exhibits.

As an initial matter, the Court addresses AFW's argument that the United States cannot rest on "barebone allegations." AFW cites to *In Re Boon Global Ltd.,* 923 F.3d 643 (9th Cir. 2019) to support this argument. In *Boon*, the Ninth Circuit determined that the party asserting jurisdiction is unable to rely on the bare allegations of the complaint, but that undisputed allegations must be taken as true. *Id*. at 650. Here, both parties submit affidavits and exhibits to support their arguments. Courts may consider affidavits on a Rule 12(b)(2) motion to dismiss and cannot "assume the truth of allegations in a pleading which are contradicted by affidavit." *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d

1    1280, 1284 (9th Cir. 1977)). Where the parties have, as here, both submitted affidavits, "[c]onflicts

2    between the parties over statements contained in affidavits must be resolved in the plaintiff's favor."

3    *LNS Enters.*, 22 F.4th at 858. Accordingly, the Court considers the affidavits and supporting

4    evidence. The Court construes all uncontroverted allegations made in affidavits in favor of the

5    United States. But as the Court "may not assume the truth of allegations in a pleading which are

6    contradicted by affidavit," it does not consider any controverted facts. *Mavrix Photo Inc.*, 647 F.3d

7    at 1223 (quotation marks omitted).

8           ii.    <u>The United States has adequately pleaded that AFW purposefully availed itself of</u>

9           <u>California.</u>

10          Purposeful availment is typically defined as "actions taking place in the forum that invokes

11   the benefits and protections of the laws in the forum." *Schwarzenegger*, 374 F.3d at 803.

12          The United States appears to urge the Court to adopt the "stream of commerce" theory,

13   which is typically analyzed under the first prong of the specific jurisdiction analysis. *See LNS*

14   *Enters.*, 22 F.4th at 859-60; *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th

15   Cir. 2007); *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881-82 (2011) ("This Court has stated

16   that a defendant's placing goods into the stream of commerce 'with the expectation that they will be

17   purchased by consumers in the forum State' may indicate purposeful availment." (citing *World-Wide*

18   *Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980)). But it is well-established that "[p]lacing a

19   product into the stream of commerce—even if the defendant is aware that the stream of commerce

20   may or will sweep the product into the forum state—does not convert the mere act of placing the

21   product into the stream of commerce into an act of purposeful availment." *LNS Enters.*, 22 F.4th at

22   859-60 (quotation marks omitted) (citing *Holland Am. Line*, 485 F.3d at 459). "[S]omething more" is

23   needed. *LNS Enters.*, 22 F.4th at 860 (citing *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102,

24   111 (1987)).

25          In response, AFW argues that the United States cannot establish a "pure stream of commerce

26   theory." AFW Motion at 10. AFW cites to *Asahi Metal Industry Co., Limited v. Superior Court of*

27   *California, Solano County*, 480 U.S. 102 (1987) in support. In *Asahi*, the Supreme Court issued

28   divided opinions on the scope of the "stream of commerce" theory first established in *World-Wide*

1   *Volkswagen Corp. v. Woodson*, 444 US 286 (1980). *Asahi*, 480 U.S. at 108–116. The Supreme Court

2   provided two different suggestions to approaching the scope of stream of commerce: (1) the "stream-

3   of-commerce plus" theory issued by Justice Sandra O' Connor and (2) the "stream-of-commerce"

4   theory issued by Justice Brennan. *Id*. The "stream of commerce plus" theory reasons that "the

5   placement of a product into the stream of commerce, *without more*, is not an act of the defendant

6   purposefully directed toward the forum state." *Id*. at 112 (emphasis added). Justice O' Connor

7   explained that additional conduct that may include "designing the product for the forum state's

8   market, advertising in the forum state, or *marketing the product through a distributor who has*

9   *agreed to serve as a sales agent in the forum State*." *Id*. (emphasis added).

10      The Ninth Circuit has adopted the "stream-of-commerce-plus" test. *See Yamashita v. LG*

11   *Chem, Ltd*., 62 F. 4th 496, 503 (9th Cir. 2023) (stating that under the Ninth Circuit's law, "'[t]he

12   placement of a product into the stream of commerce, without more, is not an act purposefully

13   directed toward a forum state,' even if the defendant is 'aware that the stream of commerce may or

14   will sweep the product into the forum state.'").

15      The United States argues that AFW and Wholesale Fireworks entered an exclusive

16   distributorship relationship and that AFW, through its partnership with Wholesale Fireworks,

17   purposefully directed itself to California.

18      First, the United States alleges that Wholesale Fireworks's websites and social media

19   advertise AFW as its in-house, exclusive product line, designed by Wholesale Fireworks's design

20   team. *See e.g.*, FAC ¶ 16. The United States supports these allegations with a screenshot of

21   Wholesale Fireworks's website "wfboom.com" provided by a declaration based upon Assistant

22   United States Attorney Yujin Chun's personal knowledge. Declaration of Yujin Chun ("Chun

23   Decl."), ECF No. 45-1 at ¶ 2, Ex. A. The screenshot shows Wholesale Fireworks's "About Us"

24   description, which states "Wholesale Fireworks also offers its *own AFW product line*. AFW is *an*

25   *exclusive line* of high-performance items that are *designed in-house . . .* by *our* talented design

26   team." *See id.* (emphasis added). The United States also supports these allegations with a screenshot

27   of Wholesale Fireworks's "LinkedIn" profile, which states "Wholesale Fireworks offers its *own*

28   *AFW* product line, an *exclusive* line of high-performance items that are individually chosen for *our*

1    *customers*." *See* Chun Decl., Ex. B. (emphasis added). Additionally, the United States alleges that

2    AFW attested under the penalty of perjury, to the United States Patent and Trademark Office, that its

3    corporate address is "2665 North Main Street Hubbard, Ohio." *See e.g.*, FAC ¶ 17.

4         Second, the United States further alleges that AFW's corporate address is the same address

5    as Wholesale Fireworks's office and facilities. *Id*. The United States supports these allegations with

6    a copy of a search made on the United States Patent and Trademark Office's website. Chun Decl. at

7    ¶ 2, Ex. C. The search shows that the "Owner Name" of the "AFW" trademark is "American

8    Fireworks Warehouse, LLC" and that the "Owner Address" is "2665 North Main Street Hubbard,

9    [Ohio, United States] 44425." *See* Chun Decl., Ex. C.

10        Lastly, the FAC alleges that Wholesale Fireworks "target[ed] California companies and

11   consumers, advertise[d] [its] familiarity with California fireworks laws, and induce[d] the purchase

12   of products to and distribution to California." *See e.g.*, FAC ¶ 13. The United States also alleges that

13   Wholesale Fireworks sought to advertise and license AFW's products and marks. *Id*.

14        Here, Wholesale Fireworks clearly and explicitly advertised AFW as its exclusive product

15   line designed in-house by "*[its] design team*." Even more, Wholesale Fireworks advertised AFW as

16   exclusive products that were individually chosen for "*[its] customers*." Wholesale Fireworks's

17   characterization of AFW as its exclusive product line for its customers suggests that AFW and

18   Wholesale entered an exclusive distributorship. Furthermore, the fact that Wholesale Fireworks and

19   AFW share the same corporate address supports this interpretation. Accordingly, as a partner to the

20   exclusive distributorship, AFW knew or had reason to know that Wholesale Fireworks advertised its

21   gender reveal smoke bombs to the California retailers and to out of state third-party retailers, such as

22   GRC, who subsequently sell and distribute AFW's products to California consumers. As stated

23   previously in *Asahi*, the stream-of-commerce plus theory requires additional conduct directed toward

24   a forum state, which may include "*marketing the product through a distributor* who has agreed to

25   serve as a sales agent in the forum State." *Asahi*, 480 U.S. at 112 (emphasis added). Given these

26   allegations, the Court views AFW's conduct as "something more" in the context of *Asahi*.

27        The Court notes that AFW provides the Declaration of April Frederici ("Frederici Decl."),

28   ECF No. 42-2, the Registered Agent and Manager of AFW. Based upon her personal knowledge,

Frederici declared that AFW does not participate in Wholesale Fireworks's sales or marketing nor is aware of Wholesale Fireworks's customers. Frederici Decl. at ¶ 18. However, these allegations proffered by AFW fail to place into dispute the FAC's allegations and shift the burden onto the United States. The Court reasons that even if AFW does not participate in Wholesale Fireworks's sales or marketing tactics, it still remains plausible that AFW entered into an exclusive distributorship with Wholesale Fireworks for the sales of AFW's gender reveal smoke bombs. Likewise, even if AFW is not aware of who Wholesale Fireworks's particular customers are, it still remains plausible that AFW gave Wholesale Fireworks consent to sell the gender reveal smoke bombs across the United States, including in California.

At the hearing, AFW argued that the United States' could not rely solely on AFW's working relationship with Wholesale Fireworks to constitute "something more" in the context of the stream of commerce plus test. However, the United States rebutted by pointing out to additional allegations in the FAC that further satisfy the test.

First, the United States points out to allegations that AFW, as a supplier, has obligations to indemnify and defend Wholesale Fireworks in connection with any claims related to the gender reveal smoke bombs. *See e.g.*, FAC ¶ 20. Moreover, the United States alleges that AFW and Wholesale Fireworks entered a co-venturer relationship. *Id*. at 15. Given these allegations, the Court finds it plausible that AFW and Wholesale Fireworks' relationship provides a separate basis that satisfies the stream of commerce plus test. An indemnifying party that subjects itself to a duty to indemnify and defend another party places itself under a significant monetary risk. It follows that parties that do not place themselves under such risks unless there is a substantial business relationship.

Additionally, the United States alleges that AFW and Wholesale Fireworks jointly advertise their gender reveal smoke bombs. The Court finds that AFW and Wholesale Fireworks's joint advertisements constitute "something more" in the context of the stream of commerce plus test. *See Asahi,* 480 U.S. at 112 (explaining that advertising in the forum state may constitute additional conduct under the stream of commerce plus). As stated above, AFW's Manager declared that AFW does not participate in Wholesale Fireworks's sales or marketing nor is aware of Wholesale

Fireworks's customers. Frederici Decl. at ¶ 18. Again, the Court reasons that even if AFW does not participate directly in Wholesale Fireworks's marketing tactics, it still remains plausible that AFW and Wholesale Fireworks's jointly advertised the gender reveal smoke bombs.  At the hearing, AFW clarified to the Court that the intention behind the relevant language in Frederici's declaration was to show that AFW was in no way involved with the advertisement of the smoke bombs. However, the Court finds this to be unpersuasive. If AFW truly intended to show the Court that they had not been involved in advertising the smoke bombs, Frederici's declaration should have stated so explicitly.

Accordingly, the Court finds that AFW purposefully availed itself of jurisdiction in the State of California.

   iii. <u>The United States' claim arises out of and relates to AFW's forum-related activities.</u>

In determining whether claims arise out of a defendant's forum-related activities, the Court must utilize a "but for" test. *See Harris*, 328 F.3d at 1127. The United States argues that AFW's tortious conduct in one forum can have the effect of tortious conduct in another. The United States' FAC alleges the AFW's defective design and labeling of the Jimenezes's gender reveal smoke bombs and the conscious disregard of the dangers of such defects substantially caused the El Dorado Fire. *See e.g.*, FAC ¶¶ 27, 29. The Court finds that the United States has sufficiently pleaded facts that satisfy "but for" causation. Accordingly, the Court finds that the United States' claims arise out of and relate to AFW's forum-related activities.

   iv. <u>Jurisdiction over AFW is not unreasonable.</u>

The United States argues that this Court's exercise of jurisdiction over AFW is reasonable. Opp'n AFW Motion at 15. The Court must consider the following factors to assess the reasonableness of exercising jurisdiction: "(1) the extent of a defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's home state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interests in convenient and effective relief; and (7) the existence of an alternative forum." *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125 (9th Cir. 2002).

The Court finds that jurisdiction over AFW is not unreasonable. California has an interest in adjudicating the dispute in this matter as AFW's conduct allegedly violated California State laws and regulations, destroying approximately 22,744 acres of annual grass, brush, and timber (all located in California) as a result. *See e.g.*, FAC ¶ 31. Further, the El Dorado Fire caused approximately $41,326,609 in damages. *Id*. at ¶ 32. Given that the Central District Court of California resides in the same region that suffered such magnitude of damage, it is clear that this Court and the State of California have an interest in adjudicating the dispute.

Further, adjudicating the matter in the Central District Court of California would provide the most efficient judicial resolution of the controversy. Should this Court deny personal jurisdiction over AFW, it would likely result in parallel litigation in the State of Maryland. The initiation of a parallel lawsuit in Maryland would result in an inefficient judicial resolution because it would require all parties to pursue separate Maryland counsel and would result in redundant discovery for both parties. A parallel lawsuit could also result in conflicting decisions that impair both courts' ability to progress through the litigation process.

Additionally, it is important to the United States to have the Central District Court of California as the forum. The United States asserts that much of the relevant evidence in this lawsuit is located in California. Opp'n at 15. Specifically, the United States asserts that physical evidence as well as several key witnesses are located in California. The Court finds the United States' argument to be compelling.

Accordingly, for these reasons, the Court finds that asserting personal jurisdiction over AFW is not unreasonable.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES Wholesale Fireworks's Motion to Dismiss and AFW's Motion to Dismiss. However, the Court GRANTS Wholesale Fireworks's Motion to Strike IN PART, and strikes the following references to California Civil Code section 3346:

1. Defendants are also liable to Plaintiff for wrongful injury to its timber, trees, and underwood pursuant to California Civil Code section 3346. FAC ¶ 58.

2. For double or triple damages for wrongful injury to Plaintiff's timber, trees, and underwood pursuant to California Civil Code section 3346. Prayer for Relief ¶ 2.

**IT IS SO ORDERED.**

Dated: September 27, 2024

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge