BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JILL S. CASSELMAN (SBN 266085)
YUJIN CHUN (SBN 306298)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0165| 0929
    Facsimile: (213) 894-7819
    E-mail: Jill.Casselman@usdoj.gov
          Yujin.Chun@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:23-cv-1805 MEMF (SPx) |
| Plaintiff, | |
| v. | STIPULATED PROTECTIVE ORDER |
| WHOLESALE FIREWORKS CORPORATION; AMERICAN FIREWORKS WAREHOUSE, LLC; PINK OR BLUE GENDER TEAM, INC. d/b/a GENDER REVEAL CELEBRATIONS; REFUGIO JIMENEZ; ANGELINA JIMENEZ; and DOES 1-15, | Hon. Sheri Pym<br>United States Magistrate Judge<br><br>**[NOTE CHANGES MADE BY THE COURT]** |
| Defendants. | |

A. IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel and subject to Court approval, that a Protective Order be issued to permit the United States of America to release specified documents and information in this litigation.

I. Purpose of Stipulation for Protective Order

1. The United States brings this action seeking to recover damages arising from a wildland fire known as the "El Dorado Fire" which ignited on September 5, 2020 in El Dorado Ranch Park and spread to the National Forest System and Bureau of Land Management lands in San Bernardino County, California.

2. Good Cause Statement: The parties respectfully submit that good cause exists for entry of this stipulated Protective Order. The United States possesses or has access to the following documents that may be relevant to the parties' claims or defenses and contain information protected from disclosure by the Privacy Act of 1974[1], including information about non-parties:

    a. Witness statements, witness interview memoranda, and recordings of witness interviews, containing personally identifying information about witnesses, including dates of birth, social security numbers, driver's license numbers, home addresses, and phone numbers.

3. The parties submit that the need for disclosure of the foregoing categories of documents and information outweighs any potential harm to the parties and non-parties, provided that appropriate safeguards are imposed and that the disclosed documents and information are used solely in this litigation.

4. Other than explicitly set forth herein, this Stipulation does not apply to any information or documents subject to a claim of privilege or other basis of exclusion, and

---

[1] The Privacy Act generally prohibits the United States from disclosing "records" of individuals without their consent. *See* 5 U.S.C. § 552a(a)(4), (b). Disclosure is permitted, however, if made "pursuant to the order of a court of competent jurisdiction." *Id.* § 552a(b)(11).

is not precedent for adopting any procedure with respect to the disclosure of any other information.

5. This Stipulation permits the United States to produce the specified documents and information, but does not require production.

6. This Stipulation is not intended to affect the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or other authority, nor is it intended to alter any burden of proof regarding the assertion of a privilege.

7. Neither the Stipulation nor Protective Order constitutes a ruling on whether a particular document or category of information is discoverable or admissible.

8. Nothing in this Stipulation prohibits a party from seeking further protection by a Court-approved stipulation or applying to the Court directly.

9. Nothing in this Stipulation waives the right of the United States to use, disclose, or disseminate documents or information in accordance with the provisions of the Privacy Act or other statutes, regulations, or policies.

10. The Department of Justice, the United States Attorney's Office, and the U.S. Forest Service bear no responsibility or liability for any disclosure made pursuant to the Protective Order sought by this Stipulation.

II. Disclosure and Use of Protected Material

1. The documents and information designated as subject to the Protective Order ("Protected Material") are to be used solely for the purpose of this litigation and not for any other purpose whatsoever.

2. Documents produced pursuant to the Protective Order are designated by stamping "Protected Material" on the pages of the document. Audio and video recordings produced pursuant to the Protective Order are designated by including the term "Protected Material" in the electronic file name, or by producing the recording with a slipsheet stamped "Protected Material." Other than first and last names and work addresses, personally identifiable information may be redacted.

3. If the United States believes that a response to a discovery request concerns documents and information subject to the Protective Order, counsel will designate that response as subject to the Protective Order by interposing the phrase "Protected Material" prior to the response.

4. Testimony taken at a deposition may be designated as Protected Material by making a statement to that effect on the record at the deposition. Arrangements must be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing such designated information, and to label such portions appropriately.

5. Protected Material may be disclosed only to:

  a. Counsel of record for the Defendants, including counsel's affiliated paralegals and clerical staff;

  b. Expert witnesses or consultants consulted by counsel, whether or not retained to testify at any oral hearing in this action, but only to the extent that disclosure is necessary to aid in the formation of the expert's or consultant's opinions in this matter; provided that they agree to be bound by the terms of this Order and execute the Agreement to Be Bound by Protective Order attached hereto;

  c. Court reporter(s) employed in this action; and

  d. The Court and its personnel.

6. All challenges to designations as Protected Material shall proceed under Local Rule 37-1 through Local Rule 37-4.

7. Defendant may not lodge or file documents, pleadings, transcripts, or other materials in this litigation that contain or disclose Protected Material without obtaining Court approval to lodge or file the Protected Material under seal pursuant to Local Civil Rule 79-5. All documents, pleadings, transcripts, or other materials lodged or filed in this litigation (including any appeal) that contain or disclose Protected Material must be submitted under seal. All deposition transcripts that contain or disclose Protected

Material must be maintained under seal and subject to the Protective Order even if they are not lodged or filed with the Court.

8. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by the United States, the United States may request that the document be returned. In the event that such a request is made, all recipients must promptly return all copies of the document in their possession, custody, or control to the United States and must not retain or make any copies of the document or any documents derived from such document. The unintentional disclosure of a privileged or otherwise protected document does not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

9. If Defendant's counsel learns that, by inadvertence or otherwise, he has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, he must immediately (a) notify the United States in writing of the unauthorized disclosures, (b) use best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the attached Agreement to be Bound by Protective Order.

10. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Protective Order does not govern the use of Protected Material at trial.

11. Within 30 days of the termination of this litigation (including any appeal), Defendant's counsel must return all Protected Material, not including documents filed with the Court, to the United States' counsel or destroy such material. Whether the Protected Material is returned or destroyed, Defendant's counsel must submit a written certification to the United States that all the Protected Material was returned or destroyed. If Defendant's counsel fails to do so, the United States may, after providing notice to Defendant's counsel with at least three court days to cure the deficiency, file a

1  notice of noncompliance to obtain from the Court an Order to Show Cause why
2  sanctions should not be imposed.
3
4  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
5
6  Dated: May 28, 2025                    Respectfully submitted,

   BILAL A. ESSAYLI
   United States Attorney
   DAVID M. HARRIS
   Assistant United States Attorney
   Chief, Civil Division
   JOANNE S. OSINOFF
   Assistant United States Attorney
   Chief, Complex and Defensive Litigation Section


            /s/ Yujin Chun
   JILL S. CASSELMAN
   YUJIN CHUN
   Assistant United States Attorneys

   Attorneys for Plaintiff
   United States of America

17 Dated: May 28, 2025, 2025             /s/ Devin Weisberg
                                         DEVIN WEISBERG
                                         Attorney for Defendant
                                         PINK OR BLUE GENDER TEAM, INC. d/b/a/
                                         GENDER REVEAL CELEBRATIONS

21 Dated: May 28, 2025, 2025             WOOD, SMITH, HENNING & BERMAN LLP


                                           /s/ Ashley B. Beagle
                                         ASHLEY B. BEAGLE
                                         KEITH E. SMITH
                                         JULIA RAMOS
                                         Attorneys for Defendants, WHOLESALE
                                         FIREWORKS CORPORATION and AMERICAN
                                         FIREWORKS WAREHOUSE LLC

6

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3  DATED: June 3, 2025

4

5  _____

6  Sheri Pym
   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28